UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALFONSO LEON,

         Plaintiff,

  v.

ELLEDGE, et al.,

         Defendants.

Case No. 2:22-cv-00851-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before January 27, 2023 plaintiff must file an amended complaint correcting the deficiencies identified below.

BACKGROUND

Plaintiff is a convicted and sentenced federal prisoner confined at the SeaTac Federal Detention Center ("FDC SeaTac"). He alleges defendants violated his First Amendment religious rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him a "flesh free" diet required by his Vaishnava faith for six

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

days. Dkt. 1 at 8. In addition, plaintiff contends these rights were violated by defendants' denial of prayer beads, which he asserts are necessary for his daily prayers and are made available to prisoners of other faiths. *Id*. at 11.

Plaintiff also alleges the 6-day denial of his religious diet led to his "starvation" in violation of his Eighth Amendment rights and that defendants violated his constitutional rights by reading his "legal mail" and refusing to permit him to file grievances. *Id*. at 23–25. Plaintiff names as defendants prison officials Elledge, Manansala and Harriss, Chaplain Sheikh, Counselor Smith, "Food Service," "Food Service Management," FDC SeaTac, the State of Washington, and I. Jacquez, the Warden of FDC SeaTac. Plaintiff seeks monetary damages and non-monetary relief including policy changes regarding flesh-free diets, the firing of staff who violated his rights, improved staff training and an apology. *Id*. at 29

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of their complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d

1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Const., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Court has screened plaintiff's complaint and, although it alleges facts that potentially implicate the Religious Freedom Restoration Act ("RFRA") and the First Amendment's free exercise clause, it also names improper defendants and fails to adequately allege other constitutional violations. Plaintiff should be allowed to file an amended complaint addressing those deficiencies.

A.  Legal Standards

Plaintiff here presents his claim as a civil rights action under 42 U.S.C. § 1983, which provides for an action against state or local officials; but § 1983 does not apply because plaintiff seeks relief against federal officials in relation to a federal matter. An action against a federal official can be brought only under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the judicially crafted counterparts to § 1983 and are identical except for the replacement of a state actor with a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To sustain a *Bivens* cause of action, a plaintiff must name a federal actor and show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *Id.*; *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).[1]

---

[1] *Bivens* actions have been recognized only in a limited set of contexts. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (questioning whether *Bivens* applies to a First Amendment religion claim). The

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

*Bivens* does not provide a cause of action against the United States or its agencies or, as such, against a governmental official in his or her official capacity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Comty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966–67 (9th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). A *Bivens* action can be maintained only against federal officials in their individual capacities. *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2007) (citation omitted). Further, such officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must plead that each defendant, through the individual's own actions, violated the Constitution. *Id*.

Plaintiff also brings statutory claims, alleging violation of RLUIPA. Dkt. 1 at 8. Because plaintiff is a federal prisoner, the Religious Freedom Restoration Act ("RFRA"), rather than RLUIPA, applies. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (RLUIPA governs claims against State and local entities, while RFRA governs claims against Federal entities). To state a RFRA claim, plaintiff must establish two elements: (1) the activities plaintiff claims are burdened by the

---

Supreme Court recently further restricted the applicability of *Bivens*. *See Egbert v. Boule*, __U.S. __, 142 S.Ct. 1793 (June 8, 2022). The Court identified three areas in which it has previously recognized the existence of a *Bivens* cause of action: (1) for certain illegal searches and seizures under the Fourth Amendment, (2) for gender discrimination in violation of the Fifth Amendment, and (3) for a prisoner's inadequate care under the Eighth Amendment. *Id*. at 1802. The Court held that no additional *Bivens* cause of action outside of those three recognized contexts may be recognized if there is "*any* rational reason" to believe that Congress might be better equipped to create a damages remedy. *Id*. at 1803, 1805 (emphasis in original). *Egbert* therefore calls into question whether causes of action exist under *Bivens* for alleged violations of plaintiff's First Amendment, Sixth Amendment or due process rights. However, the Court does not reach this issue at this time, as it is more appropriately resolved only after plaintiff has presented an otherwise viable complaint.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

government action must be an "exercise of religion"; and (2) the government action must "substantially burden" the plaintiff's exercise of religion. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008) (quoting 42 U.S.C. § 2000bb–1(a)). If plaintiff establishes these elements, defendants must prove that the challenged government action is in furtherance of a "compelling governmental interest" and is implemented by "the least restrictive means." *Navajo Nation*, 535 F.3d at 1068 (quoting 42 U.S.C. § 2000bb–1(b)).

A RFRA claim for injunctive relief may be brought against a "branch, department, agency, instrumentality, [or] official" of the federal government. 42 U.S.C. § 2000bb–2(1). However, an action for damages may only be brought against individual government officers who are sued in their individual capacities. *Tanzin v. Tanvir*, __ U.S. __, 141 S.Ct. 486, 493 (2020).

B.   Improper Defendants

In addition to individual defendants, plaintiff names the State of Washington, FDC SeaTac, "Food Service Provider" and "Food Services Manager" as defendants. These are not proper defendants.

The State of Washington does not act under color of federal law and is therefore not a proper defendant in a *Bivens* action. Furthermore, the State of Washington is not a "person" that can be sued pursuant to 42 U.S.C. § 1983 and is immune from claims for damages under the Eleventh Amendment where, as here, it has not waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983"); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (2006) (the "Eleventh Amendment prevents congressional authorization of suits by

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

private parties against unconsenting States"). Finally, plaintiff has made no factual allegations establishing any conduct by the State of Washington; his claims arise solely from the acts or omissions of federal actors.

FDC SeaTac is likewise not an entity legally capable of being sued. Instead, the Federal Bureau of Prisons, a government agency, would be the proper entity. However, a *Bivens* claim cannot be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. at 484–86. While a government agency may be sued under RFRA, sovereign immunity bars the recovery of damages. *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012). Instead, damages are available only from individual defendants who are sued in their individual capacities. *Tanzin v. Tanvir*, __ U.S. __, 141 S.Ct. 486, 493 (2020).

Finally, plaintiff has generically listed, but not identified, two additional defendants—"Food Service Provider" and "Food Service Manager." Dkt. 1 at 5. The use of a placeholder name as substitute for the given name of an individual defendant is not favored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (stating that, as a general rule, the use of "John Doe" to identify a defendant is not favored). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of unidentified defendants is problematic because those persons cannot be served with process until they are identified by their real names.

If Plaintiff wishes to pursue this action, he must provide the names of defendants identified as "food service" employees in an amended complaint. Further, assuming that plaintiff amends his complaint to name a particular defendant or defendants, he must also

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

be able to allege facts sufficient to show that the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional or statutory right.

C.  Eighth Amendment Claim

Plaintiff alleges defendants violated his Eighth Amendment rights by "allow[ing him] to "starve for six days" because he was not provided during that period with meals complying with his religious beliefs. Dkt. 1 at 23.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Est. of Ford v. Ramirez-Palmer,* 301 F.3d 1043, 1049–50 (9th Cir .2002). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Extensive deprivations of food can meet this standard. *See, e.g. Foster v. Runnels,* 554 F.3d 807, 812–13, 813 n. 2 (9th Cir. 2009) (A prisoner who was denied 16 meals in 23 days, lost weight, and suffered headaches and dizziness as a result of inadequate nutrition alleged a sufficiently serious deprivation to implicate the Eighth

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

Amendment.). But there is no violation where a prisoner otherwise receives adequate nutrition. *See, e.g. Green v. Ferrell*, 801 F.2d 765, 770–71 (5th Cir.1986) (finding two meals a day sufficient if nutritionally and calorically adequate); *see also Sostre v. McGinnis*, 442 F.2d 178, 186, 193–94 (2d Cir. 1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding one meal a day for 15 days, where the meal contained 2,000 to 2,500 calories and was sufficient to maintain health, constitutionally adequate).

Furthermore, to violate the Cruel and Unusual Punishments Clause, a prison official "must have a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. The subjective component requires proof the official was: (1) aware of the facts which would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Id.*; *see also Farmer*, 511 U.S. at 844.

Plaintiff's allegations do not sufficiently allege the elements of an Eighth Amendment claim. First, while plaintiff contends he "starved" for six days, he does not allege he was provided no food at all during that period, nor does he explain whether he was provided some meals, or portions of meals, that could meet nutritional requirements without violating his religious beliefs.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

Second, plaintiff has not alleged facts establishing that specific defendants acted with the requisite state of mind—namely that each named defendant knew of and disregarded an excessive risk to his health and safety based on lack of food.

If plaintiff wishes to pursue Eighth Amendment claims, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by an individual defendant, how each defendants' actions violated plaintiff's constitutional rights, what harm he suffered as a result, and whether the named defendant had knowledge of plaintiff's harm or risk of harm.

D. <u>Grievance Processing</u>

Plaintiff contends his due process rights were violated when defendants Manansala, Smith, Jacquez and Craig refused to process his grievances. Dkt. 1 at 24–25.

Plaintiff cannot state a cognizable claim for failure to process grievances because prisoners have no stand-alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). As there is no right to any particular grievance process, it is impossible for plaintiff's due process rights to have been violated by ignoring his grievances or failing to properly process them.

E. <u>Legal Mail</u>

Plaintiff contends that defendants Manansala, Smith, Craig and Jacquez violated his rights by reading his "legal mail." Dkt. 1 at 24–28. Specifically, plaintiff alleges defendant Manansala read his outgoing mail to a government agency and defendant Craig opened a letter to plaintiff from his criminal defense counsel outside plaintiff's presence. *Id*. at 24, 28.

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may not review outgoing legal mail for legal sufficiency before sending the mail to the court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941). But prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981). If incoming mail is from the incarcerated person's attorney, it is considered legal mail; if it is from the courts, then the incoming mail is not considered legal mail. *See, Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1996).

Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. *See Sherman*, 656 F.2d at 528; *cf. Mann v. Adams*, 846 F.2d 589, 590–91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). In *Sherman*, the Ninth Circuit found "[t]he law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee." 656 F.2d at 528. The Ninth Circuit stated it has "not yet decided the issue." *Id.* However, the Ninth Circuit has held an isolated instance of negligence in opening legal mail outside an inmate's presence does not rise to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

Here, plaintiff alleges defendant Smith opened specifically marked legal mail from his legal counsel outside plaintiff's presence. Dkt. 1 at 28. If this was merely an isolated instance of negligence, it does not rise to the level of a constitutional violation.

*Stevenson*, 877 F.2d at 1441. It is not clearly established in this circuit whether prison officials may visually inspect legal mail outside the presence of an inmate. *See Sherman*, 656 F.2d at 528.

Plaintiff's allegation that his outgoing legal mail was inspected fails to state a claim upon which relief can be granted. Plaintiff does not allege the mail was a privileged communication with counsel, nor does he allege any harm resulting from the inspection.

Plaintiff is allowed to file an amended complaint sufficiently alleging his rights were violated when defendants opened incoming legal mail from his attorney, whether this was more than an isolated instance of negligence, and show cause why the other mail claims should be allowed to proceed.

F.   <u>Addition of Medical Care Claim</u>

Plaintiff has submitted a proposed "supplement" to his complaint, comprising a proposed Count IV alleging medical deliberate indifference for failure to properly treat a dental infection. Dkt. 9. The supplement names three new defendants—Captain Allen, Officer Holloway and dentist Jane Doe. *Id*. at 8.

Because the complaint has not yet been served, plaintiff is permitted to amend his complaint as a matter of course, without leave of court. Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course" within 21 days of service). However, plaintiff may not file piecemeal documents comprising his complaint. Moreover, any additional claims remain subject to the Court's screening.

The proposed additional claims may not be brought in this action. Unrelated claims against different defendants must be pursued in a separate action—the claims may not all be combined into one action. Plaintiff may bring a claim against multiple

defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir.1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, Plaintiff may not assert multiple claims against unrelated defendants in this action. Instead, he must file a separate action to pursue his medical claims against the three defendants named in his supplement.

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this *Bivens* civil rights action, he must file an amended complaint on or before **January 27, 2023** and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete -- all facts and causes of action alleged in the original complaint -- but not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a civil rights

complaint. The Clerk is also directed to send copies of this Order and the Pro Se Instruction Sheet to plaintiff.

Dated this 23rd day of December, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge