UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS ALFONSO LEON, <br><br> Plaintiff, <br> v. <br><br> ELLEDGE, et al., <br><br> Defendants. | Case No. 2:22-cv-00851-JNW-TLF <br><br> ORDER |

This matter comes before the Court on plaintiff's filing of a "supplement". Dkt. 23. This causes confusion on the docket. The Court notes that plaintiff's allegations in the supplement, against the newly identified defendant, are largely conclusory. Plaintiff asserts that the defendant is responsible for a three-day delay in his receiving "no flesh" meals but does not appear to offer sufficient facts supporting the assertion that this defendant is responsible for the delay.

Plaintiff previously filed an amended complaint which the Court directed be served on defendants on June 30, 2023. Dkt. 24.

A party may amend its pleading once as a matter of course no later than 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or after service of a motion under Rule 12(B), (2), or (f), whichever is earlier. Fed. R. Civ. P. 15. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

ORDER - 1

*Id.* In such instances, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave to amend is discretionary; courts consider factors when determining whether leave is appropriate. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors include undue prejudice, futility, and undue delay. *Id*.

Here, plaintiff filed a "supplement" to the amended complaint; it was docketed on June 30, 2023. Dkt. 23. Because plaintiff previously filed an amended complaint, under Fed. R. Civ. P. 15, any further amendment must be done with the opposing party's written consent or with leave of the Court.

Under the Western District of Washington's Local Civil Rules, a party seeking leave to amend a pleading **is required to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" LCR 15**. The party must also "indicate on the proposed amended pleading **how it differs** from the pleading that it amends **by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added**." *Id*.

Further, "[t]he proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits." *Id.*

Here, plaintiff has not filed a motion to amend, and has not identified the document as a proposed amended complaint; he seeks to file a document that does not appear to constitute an entire amended pleading but, rather, includes four claims against one newly identified defendant and apparently, he wants to incorporate the previously filed amended complaint (Dkt. 22) into the supplement, by reference. *Id.*

ORDER - 2

Because plaintiff has previously amended his complaint, any future amendment must be made by motion seeking leave of the Court, must include a complete copy of the proposed amended pleading, and may not incorporate by reference any part of the preceding pleading. *See* LCR 15. Because plaintiff's "supplement" (Dkt. 23) does not comply with this Court's rules, it is **stricken** and will not be considered by the Court.

If plaintiff wishes to amend his complaint in the future, he is required to file a motion, and he must attach a copy of his complete proposed amended complaint, including all claims against all defendants, and be otherwise in compliance with LCR 15. Plaintiff shall present the amended complaint on the form provided by the Court.

The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. Any proposed amended complaint may not incorporate any part of the original, or previous, complaint by reference. The amended complaint, if it complies with the procedural and substantive requirements for such an amendment, will act as *a complete substitute* for the previous complaint, and *not* as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Plaintiff is advised that -- in addition to evaluating any future motion to amend and any proposed amended complaint, under the factors of undue prejudice, futility, and undue delay, and evaluating whether it complies with LCR 15 -- the Court will screen any proposed amended complaint to determine whether it states a cognizable claim for relief.

ORDER - 3

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 5th day of July, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 4