UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALFONSO LEON,

            Plaintiff,

v.

ELLEDGE, et al.,

           Defendants.

Case No. 2:22-cv-00851-JNW-TLF

REPORT AND RECOMMENDATION

Noted for   August 20, 2024

Plaintiff, Luis Alfonso Leon, was a federal prisoner detained at the SeaTac Federal Detention Center (FDC SeaTac) at the time he commenced this action.[1] Dkt. 22. He proceeds *pro se* and *in forma pauperis*. Dkt. 10. Plaintiff purports to bring this action pursuant to the Religious Freedom Restoration Act (RFRA) and pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) -- alleging violations of his First, Fourteenth and Eighth Amendment rights under the United States Constitution. Dkt. 22. Plaintiff's amended complaint names as defendants the Federal Bureau of Prisons (BOP) and individual BOP employees at FDC SeaTac Elledge (prison official), J. Manansala (prison official), Harris (prison official), Sheikh (Chaplain), Smith (counselor), and I. Jacquez (warden). Dkt. 22 at 2-3.

---

[1] Plaintiff was subsequently released from detention on October 10, 2023. Dkts. 49, 52.

REPORT AND RECOMMENDATION - 1

Presently before the Court is the individual defendants' motion for summary judgment, which was previously converted from a motion to dismiss.[2] Dkt. 47.

On April 16, 2024, the Court issued an order converting the individual defendants' motion to dismiss to a motion for summary judgment. Dkt. 58. The Court also directed plaintiff to provide a status update informing the Court whether he wished to proceed with this action or to voluntarily dismiss without prejudice and directed him to file a response to the converted motion for summary judgment to clarify his intention to pursue, or abandon, the action. *Id.* Plaintiff was advised that if he failed to respond to the Order in a timely fashion, the Court may recommend that the case be dismissed for plaintiff's failure to prosecute and failure to comply with a court order. *Id.* Plaintiff failed to file a status report, a response to the motion for summary judgment, or any other response to the Court's Order.

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends the Court should DISMISS this action without prejudice for failure to prosecute and failure to comply with a court order and should DENY the individual defendants' motion for summary judgment (Dkt. 47) as moot.

PROCEDURAL HISTORY

Plaintiff commenced this action in June of 2022 when he was a federal prisoner detained at FDC SeaTac. Dkt. 1. Plaintiff was subsequently released from custody on

---

[2] The entity defendant BOP moved separately to dismiss, and the Court has recommended dismissal of plaintiff's claims against BOP in a separate report and recommendation. Dkt. 57.

REPORT AND RECOMMENDATION - 2

October 10, 2023. *See* Dkts. 48, 52. On November 3, 2023, defendants filed two separate motions to dismiss – one on behalf of the individual-capacity defendants and one on behalf of defendant BOP. Dkts. 39, 41. Plaintiff did not file a response to the motions to dismiss.

On November 28, 2023, defendants filed two separate notices of "undeliverable documents." Dkts. 42, 43. The notices appeared to indicate that at least some of the documents related to defendants' two motions to dismiss had been returned as undeliverable – it was unclear based upon the notices from defendants whether any of the documents had been received by plaintiff. *Id.*; Dkt. 44. Upon review of the docket it also appeared both the individual-capacity defendants and the BOP had failed to file a *Rand/Wyatt* notice concurrently with their motions to dismiss. Dkts. 39, 41, 44. Accordingly, by order dated December 11, 2023, the Court struck defendants' motions to dismiss with leave to re-file and re-serve concurrently with the required *Rand/Wyatt* notice. Dkt. 44. The Court further directed plaintiff to update the Court with his current address, if necessary, by January 3, 2024. *Id.*

On January 2, 2024, plaintiff updated his address with the Court and defendants' motions to dismiss were resent to his new address and re-noted to allow him additional time to respond. Dkts. 52, 53, 54, 55, 56. However, plaintiff failed to file a response to either of defendants' motions to dismiss.

On April 15, 2024, the Court issued a report and recommendation on the entity defendant (BOP's) motion to dismiss, recommending dismissing plaintiff's claims for damages as barred by sovereign immunity and dismissing plaintiff's claims for injunctive relief as moot. Dkt. 57.

REPORT AND RECOMMENDATION - 3

By order dated April 16, 2024, the Court converted the individual defendants' motion to dismiss to a motion for summary judgment noting that defendants had submitted evidence in support of their motion that required the Court to consider the motion as one for summary judgment. Dkt. 58. The Court set a schedule for additional briefing by the parties on the converted motion for summary judgment. *Id.* The Court also noted that plaintiff had failed to respond – to the individual defendants' motion to dismiss, or to the separately filed entity defendant's motion to dismiss, or to otherwise participate in the case for several months -- it was unclear whether plaintiff wished to pursue the action at that juncture. *Id.*

Accordingly, the Court also directed plaintiff to provide a status update informing the Court whether he wished to proceed with the action or to voluntarily dismiss without prejudice and directed him to file a response to the converted motion for summary judgment to clarify his intention to pursue, or abandon, the action. *Id.* Plaintiff was advised that if he failed to respond to the Order in a timely fashion, the Court may, after considering the appropriate factors, recommend that the case be dismissed for plaintiff's failure to prosecute and failure to comply with a court order. *Id.* Plaintiff failed to file a status report, response to the motion for summary judgment, or respond to the Court's Order in any way. *Id.* Plaintiff has failed to file any documents or participate in this action in any way since updating his address on January 2, 2024.

<u>Relevant Legal Standard</u>

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Bautista v. L.A. Cnty.,* 216 F.3d 837, 841 (9th Cir. 2000) (citing

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). A district court may dismiss an action for failure to prosecute or failure to comply with the court's orders. *See* Fed. R. Civ. P. 41(b)*; Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Fed. R. Civ. P. 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ferdik,* 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik*, 963 F.2d at 1260-61.

## DISCUSSION

**A.    Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff initiated this action in June of 2022. Dkt. 1. Plaintiff has not filed anything with the court since January 2, 2024, nor has he responded to the motion for summary judgment or the court's orders. "Plaintiff's inaction and unresponsiveness prevents [the] litigation from

REPORT AND RECOMMENDATION - 5

proceeding forward." *Leonard v. Dunlop*, No. 221CV01644, 2023 WL 3582607, at *2 (E.D. Cal. May 22, 2023), *report and recommendation adopted sub nom. Leonard v. Dunlop*, 2023 WL 4711254 (E.D. Cal. July 24, 2023) (recommending dismissal for failure to prosecute in part because plaintiff's failure to respond to motion for summary judgment or the court's orders for several months prevented the litigation from moving forward).

Accordingly, this factor favors dismissal.

**B.     Court's Need to Manage Its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1961)).

Plaintiff has not participated in this action or responded to court orders for seven months - since January 2024. It appears that at the present time, plaintiff has lost interest in pursuing this action. For the court to spend further time on this action when plaintiff is not responding to court orders would consume scarce judicial resources on an action it appears clear plaintiff is no longer pursuing and will take away from other active cases. *See Cobb v. Salinas*, No. 2:12-CV-01666, 2014 WL 2566029, at *2 (E.D. Cal. June 6, 2014) (Recommending dismissal for failure to prosecute in part because "plaintiff's failure to return service documents, to respond to discovery requests or to defendant's summary judgment motions, as well as his lack of response to this court's order to show cause despite clear warnings of the consequences for such failures,

REPORT AND RECOMMENDATION - 6

1  strongly suggest that plaintiff has abandoned this action or is not interested in seriously
2  prosecuting it.").
3      Accordingly, this factor weighs in favor of dismissal.
4  **C.    Risk of Prejudice to Defendants**
5      "To prove prejudice, a defendant must establish that plaintiff's actions impaired
6  defendant's ability to proceed to trial or threatened to interfere with the rightful decision
7  of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v.*
8  *U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). While the "pendency of a
9  lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal" *Pagtalunan*, 291
10 F.3d at 642 (citing *Yourish*, 191 F.3d at 991), the Ninth Circuit has held that
11 unreasonable delay may be presumed prejudicial to the defendant. *See In re Eisen*, 31
12 F.3d 1447, 1452–53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959,
13 967–68 (9th Cir. 1978).
14     Here, there has been unreasonable delay as plaintiff has failed to provide any
15 response to the motion for summary judgment or the court's orders despite clear
16 opportunities to do so and the motion has been pending for several months. Plaintiff
17 may rebut the presumption of prejudice by providing a non-frivolous excuse for the
18 delay. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*,
19 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). But here plaintiff has not provided any
20 excuse for failing to respond to the motion or court orders.
21     Accordingly, this factor weighs in favor of dismissal.

REPORT AND RECOMMENDATION - 7

### D. Availability of Less Drastic Alternatives

Warning a plaintiff that failing to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132 (citing *Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984)).

Here, plaintiff was previously advised that failure to respond to the court's order may result in a recommendation that this action be dismissed. Dkt. 58. Accordingly, this factor weighs in favor of dismissal.

### E. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits and, therefore, this factor weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, the undersigned finds that four of the five relevant factors support dismissal, and outweigh the general public policy favoring disposition on the merits. *See Ferdik*, 963 F.2d at 1263; *Hernandez*, 138 F.3d at 399 (dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal.") (citations and quotation marks omitted).

Accordingly, the undersigned recommends that the district court dismiss this action without prejudice and that defendants' motion for summary judgment (Dkt. 47) be denied as moot. *See Smith v. Mantilla*, No. CV-23-00003, 2024 WL 1156585, at *1 (D. Ariz. Mar. 18, 2024) (Dismissing case without prejudice for failure to prosecute, concluding that despite plaintiff's failure to respond to defendant's motion to dismiss or the court's order "a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b).").

<u>CONCLUSION</u>

REPORT AND RECOMMENDATION - 8

For the reasons above, the undersigned recommends that the action should be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to respond to a court order. The individual defendants' motion for summary judgment (Dkt. 47) should be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 20, 2024**, as noted in the caption.

Dated this 5th day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge